PETER GOODMAN, ESQ.
State Bar No. 65975
400 Montgomery Street, Second Floor
San Francisco, California 94104
Telephone: (4l5) 781-8866
Facsimile: (415) 781-2266

Attorney for Defendant
ROBERT SOLORIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOSE ESPARZA, et al.,<br><br>    Defendants. | CR-11-0571 WHA<br><br>STIPULATION AND [PROPOSED] ORDER CONTINUING SENTENCING DATE OF DEFENDANT ROBERT SOLORIO |

The United States of America, by its attorneys, Melinda Haag, United States Attorney, and Assistant United States Attorney ("AUSA") Waqar Hasib, and defendant ROBERT SOLORIO, by his attorney, Peter Goodman, hereby submit this Stipulation and [Proposed] Order requesting that the October 3, 2012, date currently set for the sentencing of defendant SOLORIO be continued to October 16, 2012.

The parties hereby stipulate and agree to the following:

1. Defendant SOLORIO is scheduled to appear before this Court for sentencing on October 3, 2012, at 2:00 p.m., after entering a guilty plea to the single count in an information charging him with conspiring to distribute and to possess with the intent to distribute 5 grams or more of methamphetamine. The plea was entered pursuant to the terms of a Rule 11(c)(1)(B) Plea Agreement which contemplated that at the time of his sentencing in this matter, defendant SOLORIO would move for a four

-1-

level downward departure from his Total Offense Level pursuant to USSG §5K2.13 for "diminished capacity." The parties agreed that defendant SOLORIO would be entitled to an additional two level "safety valve" reduction under USSG §5C1.2(a)(1)-(4) if the Government found that the defendant had truthfully debriefed within the meaning of USSG §5C1.2(a)(5).

2. The final Presentence Report ("PSR") in this matter was disclosed by United States Probation Officer ("USPO") Patrick McFate on September 19, 2012. In that report, USPO McFate recommends a three level reduction in Mr. Solorio's Total Offense Level under USSG §5K2.13 rather than the four level reduction sought by defense counsel. USSG §5K2.13 authorizes a sentencing court to depart downward for "diminished capacity" if "the defendant committed the offense while suffering from a significantly reduced mental capacity" and "the significantly reduced mental capacity contributed substantially to the commission of the offense." USPO McFate concludes in his report that Mr. Solorio meets both of these criteria but that it is not reasonable to draw a direct correlation between his mental impairments and his criminal behavior in this case.

3. Psychologist Jeremy Coles met with Mr. Solorio in March of this year and conducted testing of his cognitive functioning in the course of preparing a report for this Court on whether Mr. Solorio was competent to stand trial. While Dr. Coles ultimately found that Mr. Solorio was competent, he also concluded that Mr. Solorio's intellectual functioning was quite limited and his cognitive deficits were such that they would not improve over time. After reviewing the final PSR, defense counsel contacted Dr. Coles and asked whether based on his previous findings, he would draw a correlation between the cognitive deficits from which Mr. Solorio suffers and his criminal behavior. Dr. Coles thought it was probable that such a correlation existed but said that he would need to interview Mr. Solorio about the circumstances of the offense and conduct further limited testing in order to render an opinion in that regard. He stated that he would be able to interview Mr. Solorio later this week and prepare a written report the following week.

1     4.     Given that the sentencing hearing in this matter is scheduled to occur on October 3, 2012, defense counsel believes that he will not have sufficient time to review Dr. Coles' report in time to include its findings in his Sentencing Memorandum. Defense counsel is therefore requesting that the sentencing hearing be continued approximately two weeks to October 16, 2012. AUSA Hasib does not oppose the continuance defense counsel is seeking.

    5.     Additionally, AUSA Hasib has requested a further proffer from defendant SOLORIO in order to determine whether the Government will recommend a "safety valve" reduction for the defendant under USSG §5C1.2(a). Defense counsel has also requested some additional information from AUSA Hasib in order to prepare for that proffer. The parties agree that the continuance of the sentencing date being sought by defense counsel will provide the Government with additional time to complete its determination of whether defendant SOLORIO qualifies for the "safety valve" reduction he is seeking, a determination critical to whether this Court is required impose the five year minimum mandatory sentence that might otherwise apply under 21 U.S.C. §841(b)(1)(B)(viii).

SO STIPULATED

DATED:   September 25, 2012

                          MELINDA HAAG
                          United States Attorney

                By:         /s/
                          WAQAR HASIB
                          Assistant United States Attorney

SO STIPULATED

DATED:   September 25, 2012

                          /s/
                          PETER GOODMAN
                          Attorney for Defendant
                          ROBERT SOLORIO

///

## ORDER CONTINUING SENTENCING DATE OF DEFENDANT SOLORIO

Based on the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that the date for the sentencing of defendant SOLORIO, which is presently set for October 3, 2012, at 2:00 p.m. be continued to October 16, 2012, at 2:00 p.m.

DATED: September 27, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT COURT JUDGE